UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00263-FDW

| ISAAC DANIEL HUGHES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MADISON COUNTY DETENTION FACILITY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. [Doc. 1]. On October 16, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. [Doc. 7]. Thus, Plaintiff is proceeding in forma pauperis.

**I.  BACKGROUND**

Pro se Plaintiff Isaac Daniel Hughes is an inmate currently incarcerated at the Madison County Detention Center in Marshall, North Carolina. Plaintiff filed this action on September 14, 2018, pursuant to 42 U.S.C. § 1983, naming as Defendants Madison County Detention Facility;[1] Defendant Francy Denton, Sargeant; and Defendant Jeff Neil, Captain. Plaintiff purports to bring a claim against Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights.

Plaintiff alleges as follows. Between April 18, 2018 and August 25, 2018, Defendants refused to provide Plaintiff necessary mental health treatment. [Doc. 1 at 5]. Plaintiff made

---

[1] The correct name of this institution is "Madison County Detention Center," and will be hereinafter referred to as such.

numerous requests for treatment and emergency medical care for mental health problems, including bipolar disorder, severe depression with psychosis, post-traumatic stress disorder, anxiety, and "relationship distress" that were ignored by Defendants. [Id. at 5-6]. Plaintiffs' requests for care were either completely ignored or substantially delayed, constituting a deliberate indifference to Plaintiff's serious medical needs. [Id.]. Defendant Madison County Detention Center failed to have properly trained staff to recognize his urgent need for medical care. [Id. at 6]. All of Plaintiff's mental health conditions could have been easily treated or stabilized with medication, which Plaintiff was denied, causing Plaintiff's conditions to be further exacerbated. [Id.]. Plaintiff made numerous requests for medical care using the kiosk at the inmate pod. Rather that provide Plaintiff the requested care, Defendants punished Plaintiff for his requests by placing him in segregation. [Id. at 7]. Eventually, Plaintiff was taken to "Mashburn Medical" and examined by a doctor, who quickly identified Plaintiff's mental health illness, referred Plaintiff to "RHA," a mental health clinic, and prescribed two medications for Plaintiff, Seroquel and Clonidine. [Id. at 7-8]. Defendants failed to administer the Seroquel and delayed Plaintiff's referral to RHA by several weeks. [Id. at 8]. By the time Plaintiff was taken to RHA, Plaintiff was severely depressed, suffering from insomnia, uncontrollable anxiety, and nightmares, and having suicidal thoughts. [Id.]. Plaintiff was ordered to follow up with RHA in one month. [Id.]. Despite numerous requests, Plaintiff's medication was allowed to run out for at least a week, causing Plaintiff further suffering from the abrupt cessation of psychotropic medication. [Id. at 8-9]. Finally, a new administration took over the detention center in or around August 2018 and Plaintiff seems to allege that he has received the treatment he needs since then. [Id. at 9]. Plaintiff seeks compensatory damages and declaratory relief. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

As to Defendant Madison County Detention Center, a correctional institution is not a "person" subject to suit under Section 1983. See Brooks v. Pembroke Cnty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Defendant Madison County Detention Center will be dismissed from this action.

The Court further finds that, assuming that Plaintiff's allegations are true, and drawing all

reasonable inferences in his favor, Plaintiff's claims against Defendants Denton and Neil for deliberate indifference to serious medical needs is not clearly frivolous. Thus, this action survives initial review.[2]

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has alleged a claim for deliberate indifference to serious medical needs sufficient to survive this Court's initial review as to Defendants Denton and Neil.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants Denton and Neil, but Defendant Madison County Detention Facility is dismissed. See 28 U.S.C. §§ 1915(e); 1915A.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants Denton and Neil in the summonses for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED.**

Signed: May 23, 2019

_____
Frank D. Whitney
Chief United States District Judge

---

[2] Plaintiff also purports to bring claims under the First and Fourteenth Amendments to the U.S. Constitution. [See Doc. 1 at 5]. The Court declines to address these other grounds on initial review because Plaintiff's Eighth Amendment claim survives initial review, and the Court will allow Defendants to address Plaintiff's other purported claims as appropriate.